# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2010

Charles R. Fulbruge III
Clerk

No. 08-31135

RICKY D FOX,

Plaintiff - Appellant

v.

BILLY RAY VICE, Chief of Police for the Town of Vinton;
TOWN OF VINTON,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal from the district court's order granting Defendants-Appellees attorneys' fees and costs after the dismissal of Appellant Fox's federal claims. Fox argues that the district court erred because Appellees were not prevailing parties, and because Fox still maintains state-law claims against Appellees. For the following reasons, we AFFIRM.

## I. BACKGROUND

Fox's causes of action stem from two incidents that took place in 2005 after Fox and Appellee Vice each announced his candidacy to be police chief in the Town of Vinton, Louisiana. The first event took place in January, when

No. 08-31135

incumbent Vice sent Fox an "anonymous" letter in which Vice attempted to blackmail Fox into not running for office. The second event took place at a local high school basketball game in February, when a third party accused Fox of uttering a racial slur and, at the instigation of Vice, filed a false police report regarding Fox's alleged utterance.

In December 2005, Fox brought a suit in Louisiana state court against Vice and the Town of Vinton, alleging the above-stated facts and claiming federal and state causes of action. In January 2006, the case was removed to federal court. In April 2007, Vice was tried and found guilty of extortion in state criminal court for the anonymous letter. Meanwhile, discovery in the civil case produced evidence of Vice's participation in the filing of the false police report. In September 2007, the defendants brought a motion for judgment on the pleadings and for summary judgment. In their motion, they argued that Fox's claims had no basis in federal law. In his response to the motion, Fox admitted that he had failed to properly present any federal cause of action. Specifically, Fox stated:

> Defendants correctly argue that Fox presents no valid claim pursuant to 42 U.S.C. § 1983. As to the extortion letter, it was sent anonymously. Vice did not act under "color of law" concerning the extortion letter.
>
> As to the fabricated basketball game incident, Fox cannot show a deprivation of a right, privilege or immunity secured by the United States Constitution and its laws. Although Vice and Cary acted under "color of law" whenever they conspired to fabricate the basketball game incident and file a false police report, Fox was not prevented from running for election. Nor is the defamation Fox suffered as a result of this fabrication deprivation of a property right.

2

No. 08-31135

In light of Fox's own admissions, the district court dismissed Fox's federal claims with prejudice and remanded the remaining state-law claims to state court.

The defendants moved for attorneys' fees pursuant to 42 U.S.C. § 1988[1] and for costs pursuant to Federal Rule of Civil Procedure 54,[2] arguing that Fox's federal claims were frivolous, unreasonable and without foundation. The district court granted that motion, and Fox now appeals.

## II. ANALYSIS

We review a district court's award of attorneys' fees under 42 U.S.C. § 1988 for abuse of discretion. *Merced v. Kasson*.[3] We review findings of fact for clear error and conclusions of law de novo. *Dearmore v. City of Garland*.[4]

For the district court to properly award a defendant attorneys' fees in a § 1983 action, the court must find that (1) the defendant is a prevailing party, and (2) that the plaintiff's claims are frivolous, unreasonable, or without foundation. *Hughes v. Rowe*;[5] *Stover v. Hattiesburg Pub. Sch. Dist.*[6] An award

---

[1] This section states, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983. . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

[2] This section states, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

[3] 577 F.3d 578, 595 (5th Cir. 2009).

[4] 519 F.3d 517, 520 (5th Cir. 2008).

[5] 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)).

[6] 549 F.3d 985, 997 (5th Cir. 2008).

3

No. 08-31135

of costs simply requires a determination that the defendant was a prevailing party.[7]

### 1.  Whether Appellees are prevailing parties

We address first whether Appellees are prevailing parties for purposes of § 1988 and Rule 54.  *See Dean v. Riser*.[8]  The record shows that the court granted Appellees' motion for judgment on the pleadings and dismissed Fox's § 1983 claims with prejudice after Fox conceded that he had failed to state a federal claim.  All other things being equal, this makes Appellees prevailing parties.  *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*;[9] *Sheets v. Yamaha Motors Corp., U.S.A.*;[10] *Anthony v. Marion County Gen. Hosp.*[11]  However, Fox argues that Appellees are not prevailing parties because Fox voluntarily dismissed his federal claims.  Fox points to our decision in *Dean*, where we held that when a plaintiff voluntarily dismisses his claims in a § 1983 action, the defendant is not a "prevailing party" for attorneys' fees purposes "unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits."[12]

---

[7] *See* FED. R. CIV. P. 54(d)(1).

[8] 240 F.3d 505, 508 (5th Cir. 2001).

[9] 532 U.S. 598, 603-04, 121 S. Ct. 1835, 1839-40 (2001) (judgment on the merits altering legal relationship of parties establishes a prevailing party).

[10] 891 F.2d 533, 539 (5th Cir. 1990) (dismissal with prejudice is tantamount to judgment on the merits, rendering defendants prevailing parties for costs purposes under Rule 54).

[11] 617 F.2d 1164, 1169-70 (5th Cir. 1980) (dismissal of claims with prejudice is an adjudication on the merits for purposes of res judicata, making defendant a prevailing party)

[12] *See Dean*, 240 F.3d at 511.

No. 08-31135

Fox did not file a motion to voluntarily dismiss his federal claims before defendants responded.[13]  Rather, Fox allowed the case to proceed for more than eighteen months in federal court and through considerable discovery before he was challenged on the legal sufficiency of his federal claims.  At that point, Fox was forced to concede their lack of legal merit and shifted focus to his state claims.  Therefore, any decision Fox made to abandon his federal claims did not "merely indicate[] his preferred forum," or a change in the law or decisive facts.[14] Rather, it represented recognition that Fox's federal claims should never have been brought.  Moreover, without decisive action by Appellees, Fox's baseless federal claims would have proceeded to trial.  He chose to dismiss the federal claims because he could manufacture no argument to support them when he was challenged.  To deny fees under these circumstances would defeat the purpose of ever recognizing defendants as "prevailing parties," which is to "'protect defendants from burdensome litigation having no legal or factual basis.'"[15]

We hold, therefore, that Appellees are "prevailing parties" for purposes of Rule 54 and § 1988.

2. Whether Fox's § 1983 claims are frivolous, unreasonable, or without foundation

We next look to the merit of Fox's claims.  When determining whether a claim is frivolous, unreasonable, or without foundation, a district court should

---

[13] *See* FED. R. CIV. P. 41(a) (allowing plaintiff to dismiss claims before opposing party files answer or motion for summary judgment).

[14] *See Dean*, 240 F.3d at 510 (stating potentially valid grounds for voluntarily dropping federal claims).

[15] *Id.* at 510 (quoting *Christiansburg*, 434 U.S. at 420, 98 S. Ct. at 694).

No. 08-31135

consider (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*.[16] In making these determinations, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[17] Instead, a court must ask whether "'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'"[18]

Looking to the first factor, the district court correctly concluded that Fox failed to establish any prima facie federal claim. Contrary to Fox's assertions on appeal, the dismissal of Fox's federal constitutional claims is not based on evidentiary hurdles that he faced at the end of discovery. Rather, Fox's claims are groundless because the offenses *as alleged in his Complaint* have no redress in the Constitution or laws of the United States.[19] The anonymous nature of Vice's letter to Fox and the lack of constitutionally-protected harm stemming from the false police report were circumstances of which Fox was aware from the outset of litigation. Consequently, no evidence produced in the discovery process could change the underlying deficiencies in Fox's Complaint.

---

[16] 211 F.3d 289, 292 (5th Cir. 2000).

[17] *Christiansburg*, 434 U.S. at 421-22, 98 S. Ct. at 700 (emphasis in original).

[18] *Stover*, 549 F.3d at 997-98 (quoting *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

[19] Fox attempts to argue in his appellate brief that the evidence provided through discovery actually provided federal grounds for relief pursuant to § 1983. Because Fox abandoned these arguments at the district court, we will not consider them now. *See Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002) (noting the general rule that "failure to timely raise an issue in district court waives that issue on appeal").

No. 08-31135

Looking to the second factor, the district court did not clearly err in finding that Appellees did not engage in settlement negotiations with Fox. The evidence presented by both parties shows that all the documented settlement attempts were one-sided, with Fox asserting the settlement demands. No evidence points to Appellees making their own settlement offers. While Fox points to billing statements from Appellees' counsel showing charges for discussions of settlement and possible mediation with Fox, these statements alone do not show clear error in the district court's finding. They only show that Appellees considered Fox's demands, not that they replied with their own.

Regarding the third factor, it is undisputed that Fox's federal claims were all dismissed without trial.

In conclusion, all the factors establishing a frivolous case have been satisfied. Accordingly, we hold the district court did not abuse its discretion in finding Appellees entitled to attorneys' fees.

3. Whether Appellees must prevail over the entire case to be awarded fees

In the alternative, Fox argues that even if his federal claims are meritless, Appellees are not entitled to attorneys' fees and costs because Appellees did not prevail over the entire action. Specifically, Fox points to the fact that the district court remanded Fox's state claims that were based on the same alleged facts.

When speaking of whether a defendant is entitled to attorneys' fees, the Supreme Court describes a "suit,"[20] an "action,"[21] and both a "claim" and an "action"[22] as the proper quanta for determining frivolity, with little guidance as

---

[20] *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2, 103 S. Ct. 1933, 1937 n.2 (1983).

[21] *Hughes*, 449 U.S. at 14, 101 S. Ct. at 178.

[22] *Christiansburg*, 434 U.S. at 421-22, 98 S. Ct. at 700.

No. 08-31135

to which is the final determinant. There also appears to be no Fifth Circuit precedent on whether a defendant must prevail over an entire suit before that defendant may seek attorneys' fees or whether success on an individual claim is sufficient. Indeed, other circuits appear to be split on the issue.[23]

Having reviewed the other circuits' holdings, we agree with the majority of circuits that a defendant does not have to prevail over an entire suit in order to recover attorneys' fees for frivolous § 1983 claims. We agree with the Ninth and Eleventh Circuits that "it would 'undermine the intent of Congress to allow plaintiffs to prosecute frivolous claims without consequences merely because those claims were joined'" with additional non-frivolous claims.[24] Such a rule would also make a defendant's entitlement to attorneys' fees "depend not upon the district court's review of the merits of a plaintiff's § 1983 claims, but upon how a plaintiff chose to draft his complaint."[25]

---

[23] *Compare Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006); *Quintana v. Jenne*, 414 F.3d 1306, 1312 (11th Cir. 2005); *Ward v. Hickey*, 996 F.2d 448, 455-56 (1st Cir. 1993); *Curry v. A.H. Robins Co.*, 775 F.2d 212, 220-21 (7th Cir. 1985); *Lotz Realty Co. v. United States Dep't of Hous. & Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983) *with Balmer v. HCA, Inc.*, 423 F.3d 606, 616-17 (6th Cir. 2005); *Colombrito v. Kelly*, 764 F.2d 122, 132 (2d Cir. 1985).

[24] *Tutor-Saliba Corp.*, 452 F.3d at 1064 (quoting *Quintana*, 414 F.3d at 1312). The courts in *Tutor-Saliba* and *Quintana* addressed situations where the non-frivolous claims were ultimately unsuccessful. *See Tutor-Saliba Corp.*, 452 F.3d at 1064; *Quintana*, 414 F.3d at 1312. However, we hold that the ultimate success of a non-frivolous claim is not dispositive of whether the defendant is entitled to attorneys' fees on a frivolous claim, particularly when the remaining claims are no longer under the federal court's jurisdiction. *See Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995) (defendants potentially entitled to attorneys' fees on frivolous civil rights claims when district court declines supplemental jurisdiction over state-law claims and dismisses them).

[25] *Tutor-Saliba Corp.,* 452 F.3d at 1064. Our holding is reinforced by dicta in *Hensley*, where the Supreme Court stated that a defendant may recover attorneys' fees incurred in responding to a frivolous claim when a plaintiff also brought unrelated and presumably non-

No. 08-31135

However, even though a defendant need not prevail on all claims in a suit to be entitled to attorneys' fees, a defendant is only entitled to attorneys' fees for work which can be distinctly traced to a plaintiff's frivolous claims.[26] Inasmuch as a non-frivolous claim in the same suit can be the basis for the work of a defendant's attorney, the court must consider the interrelated nature of the frivolous and non-frivolous claims to determine the appropriate fee.[27] We recognize that "[t]here is no precise rule or formula for making these determinations," and much should be left to the district court's equitable discretion.[28] Nevertheless, "we are confident that the district court will be able properly to weigh and assess the amount of attorney's fees attributable exclusively to [a plaintiff's] frivolous . . . claim[s]."[29]

In its order awarding Appellees attorneys' fees, the district court noted that "the focus of both plaintiff and defendants was plaintiff's § 1983 claim." The court also noted in the second order that "defendant's [sic] request for attorney's fees relates only to proceedings before this court." Finally, the court noted that "Defendant's [sic] do not appear to request attorney's fees related to the defense of the state law claims remanded for decision to the Louisiana state court." Because the district court specifically restricted its award of attorneys' fees to

---

frivolous claims in the same suit. *See Hensley*, 461 U.S. at 435 & n.10, 103 S. Ct. at 1940 & n.10.

[26] *Cf. Hensley*, 461 U.S. at 434-35, 103 S. Ct. at 1940 (noting that a plaintiff may not seek fees for work on unsuccessful claims that are not related to the plaintiff's § 1983 claims).

[27] *See Ward*, 996 F.2d at 455-56 (noting that a district court may not deny fees "because calculation would be difficult" or use interrelation of claims as grounds "not to grant any fees").

[28] *Hensley*, 461 U.S. at 436-37, 103 S. Ct. at 1941.

[29] *Quintana*, 414 F.3d at 1312.

No. 08-31135

the proceedings before it, and because the court found that Appellees did not seek attorneys' fees for the defense of the state law claims, we do not find its award of attorneys' fees an abuse of discretion.

## III. CONCLUSION

The district court's order granting Appellees attorneys' fees is AFFIRMED.

No. 08-31135

SOUTHWICK, Circuit Judge, dissenting.

The majority has ably identified the relevant facts and discussed legal issues that arise with claims for attorneys' fees. My disagreement is narrow, but it has consequence in this case.

I agree with the majority that we should affirm on the finding that the plaintiff continued too long after it became clear that there was no federal case. So some attorneys' fees should be reimbursed. The District Court properly stated that usually a party seeking attorneys' fees must allocate the fees separately between the successful claims and the unsuccessful. That was not done here because the claims were found to be too interrelated. It is at that point that I depart from the reasoning we are affirming.

The standard quoted by the Magistrate Judge was taken from a precedent that applied a Texas statute that allowed attorneys' fees:

> The district court did not require that File-Steele segregate its fees into those fees incurred for successful claims and those incurred for unsuccessful claims. Instead, the court found that no segregation was required because the claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts.

*U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.,* 161 F.3d 915, 919 (5th Cir. 1998). The relevant Texas statute in *Varco* authorized payment of fees for the collection of a debt. TEX. CIV. PRAC. REM. CODE ANN. § 38.001 (Vernon 1986). The court found an explanation of that fee statute in a state decision. *Varco*, 161 F.3d at 919 (citing *Flint & Assocs. v. Intercont'l Pipe & Steel, Inc.,* 739 S.W.2d 622 (Tex. App.-Dallas 1987, writ denied)). The *Flint* court stated that the recoverable fees were only those necessary for the claim for which the statute authorized fees. *Flint*, 739 S.W.2d at 624. However, fees were also permitted

11

No. 08-31135

for legal services "rendered in connection with all claims, even if recovery of attorney fees is not authorized for [some of the] claims, if they arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Id.* at 624-25.

I find the Magistrate Judge erred in using this standard from a debt collection statute for allowing fees to a creditor, then applying it equivalently to plaintiffs and defendants in civil rights cases. Congress wanted plaintiffs of limited financial means to bring meritorious suits and recover their attorneys' fees, while also permitting defendants to recover fees when the action was "frivolous, unreasonable, or groundless," or, even if not initially clear, the plaintiff continued to litigate the case after its frivolousness was clear. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). No such limitation would likely exist, nor was one mentioned, in *Varco* or *Flint*.

We have held that "the standard for awarding attorneys' fees differs if a defendant rather than a plaintiff prevails." *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982). We instead apply a "more rigorous standard for awarding attorney's fees to prevailing defendants." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001)(citing *Christiansburg*, 434 U.S. at 421).

This demanding framework stems from Congress's admonition that plaintiffs in civil rights actions occupy a unique and protected role in vindicating the rights enumerated in Section 1983. *See Dean*, 240 F.3d at 507. Viewing a civil rights plaintiff as a "private attorney general," we do not permit awards of attorneys' fees against a civil rights plaintiff absent a showing that his suit was "vexatious, frivolous, or otherwise without merit." *Id.* at 508.

No. 08-31135

In the debt collection precedent the Magistrate Judge cited, we declined to require the plaintiff to segregate the work done in support of its successful claims from its unsuccessful ones because the work on each was so interrelated as not to be divisible. *Varco*, 161 F.3d at 919. The majority here does not refer to that same caselaw, but it is the legal standard used by the Magistrate Judge after deciding that the legal work on the various claims could not be disentangled. As I will explain, in my view that was error and it affected the manner in which the facts were analyzed.

The *Varco* approach is sensible when attorneys' fees are being awarded to plaintiffs. A plaintiff's counsel may perform legal services that support successful and unsuccessful legal theories. When it is factually impossible to allocate the services, requiring a defendant to reimburse them all will assure that a plaintiff is recovering what was necessary to bring the suit, a payment to which the plaintiff is entitled. Any artificial discount because of the interrelated services may lead to less than total fee reimbursement. In such a case, the approach of the Texas debt collection statute makes sense because the interests are the same – allowing a plaintiff fully to recover, including attorneys' fees.

On the other hand, when a defendant has successfully fended off some but not all claims as frivolous, there is still one or more claims for which the defendant has not been found to deserve any attorneys' fees. The plaintiff may well – it has not been resolved – be entitled to bring those claims. So long as the plaintiff's remaining claims are not found to be frivolous, no reimbursement to the defendant for the fees on those claims is permissible even if the plaintiff does not prevail. Consequently, when some claims are dismissed as frivolous and others are not, allowing a defendant full recovery of his fees because the services for the various claims are too interrelated gives too much.

13

No. 08-31135

In summary, when work done on a plaintiff's successful and unsuccessful claims is confusingly interrelated, not requiring attorneys' fees awarded to be artificially segregated avoids an unfair discount.  Quite differently, using interrelatedness as the reason not to segregate fees awarded to a defendant causes an inequitable windfall.  *See Blum v. Stenson*, 465 U.S. 886, 893-94 (1984) (Section 1988 should not produce windfalls to attorneys).

In the present case, it appears that almost all the defendant's discovery and factual analysis would have been necessary even if no federal claims had been brought.  Generally, the same witnesses would be deposed, the same documents produced, and the same factual disputes resolved.  Only the legal work allocable solely or dominantly to the dismissed federal claims was unnecessary.

The suit will proceed now in state court.  If the state to which a case such as this is remanded has a fee-shifting statute similar to Section 1988, and if the state claims prove frivolous, the defendant can then recover the fees for the overlapping work performed in federal court.  Only then will it be known that the highly interrelated legal services were all on groundless claims.  If the plaintiff prevails, then all he recovers is for the legal work necessary to succeed, plus such fees as were too interrelated to allocate with the dismissed federal claims.  Finally, if the plaintiff loses but at least the claims are not found to be groundless, no one receives any fee reimbursement.

If there is no fee-shifting statute for the state law claims that operates similarly to Section 1988, then this approach still avoids a windfall. When there is no specific authority for awarding fees, each party bears its own.  We would only be enforcing in advance the state's refusal to shift fees.

No. 08-31135

Accordingly, I would reject the Magistrate Judge's application of the *Varco* standard to this case. The majority refers to another part of the Magistrate Judge's decision in which she stated that both parties focused throughout litigation on the federal claim. That finding does not affect my view that any fee for services by Vice's counsel that was also necessary for the state claims is not recoverable, no matter what the focus of counsel might have been.

Therefore, I find an abuse of discretion by the district court. *See Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). The only fees Fox should be required to pay are those solely applicable to his federal claims. The defendant is entitled to be paid for the legal services necessary to remove the action and now to address the remand, as well as any services uniquely arising from the legal work to have the Section 1983 claims dismissed. If those cannot be segregated from the other fees, then it would appear the defendant's fee records are suspect. If that much can be shown but no other division can be made, then I would end the award there.

Requiring all interrelated fees to be reimbursed intrudes on the right of a civil right's plaintiff to bring a non-frivolous claim without having to pay attorneys' fees to the defense even when the case is unsuccessful.

I respectfully dissent.