**David EFRON, as personal representative of The Estate of Jose Efron, Plaintiff,**

v.

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, et al., Defendants.**

**Civil No. 04–1686 (SEC).**

United States District Court, D. Puerto Rico.

Feb. 8, 2011.

**15.** Document no. 65.

**16.** Document no. 79.

**17.** Document no. 52.

Alberto J. Perez–Hernandez, David Efron, David Efron Law Offices, San Juan, PR, Daniel Molina–Lopez, Etienne Totti–Del–Toro, Etienne Totti–Del–Valle, Totti & Rodriguez Diaz, Hato Rey, PR, for Plaintiff.

Rosa Nelly Plaza–Acevedo, E. Umpierre Suarez, PSC, Luis Sanchez–Betances, Sanchez Betances & Sifre, P.S.C., San Juan, PR, for Defendants.

### OPINION & ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Before the Court are co-defendants, Cleofe Rubi and Mora Development Corp.'s (collectively, "Defendants") Motion Providing Records in Support of Motion for Attorneys' Fees and Bill of Costs (Docket No. 154), plaintiff David Efron's opposition thereto (Docket No. 164), and Defendants' reply (Docket No. 169). After reviewing the filings and the applicable law, Defendants' motion is **GRANTED in part and DENIED in part.**

### Factual Background

This case was transferred from the docket of Hon. Francisco Besosa after summary judgment had been issued, dismissing federal claims filed under 42 U.S.C. § 1983 and remanding claims under Puerto Rico's general tort statute to the local courts. Docket No. 151.[1] At that time, the parties had been litigating for almost five years, including a six-month discovery period. Before the case's transfer, Judge Besosa had granted fees and costs to Defendants and had ordered Defendants to provide the Court with "records demonstrating which fees were attributable to their work to dismiss the ... [federal] claim and that they cannot use in the ongoing litigation in sate court." *Id.,* p. 12. Then, the case was reassigned to this Chambers. Docket No. 160.

Defendants filed their billing records timely. Docket No. 154.[2] With them, Defendants argue that Efron's federal and state law claims were so interrelated that the work performed in the case "cannot be allocated between the [federal] claim for damages ... and the [state] claim for damages...." *Id.,* p. 2. After further submissions by the parties, the Clerk of Court granted the totality of Defendants' bill of costs. Docket No. 170. This Court confirmed the Clerk's decision over Efron's objection, finding that Defendants had segregated costs whenever possible and that Efron had failed to satisfy the applicable burden of proof. Docket No. 174.

1. For a detailed account of the case's procedural background see Magistrate Judge Bruce McGiverin's Report and Recommendation (Docket No. 143) and Judge Besosa's Opinion and Order adopting the same. (Docket No. 151).

2. In total, Defendants claim $101,353 in fees, which are divided as follows:

- Pleading and discovery stage: $30,895
- Motion for summary judgment and discovery: $40,719
- Plaintiff's opposition to summary judgment and reply: $10,961
- Pretrial work: $ 9,204
- Magistrate Judge's R & R and summary judgment: $ 9,574

*Id.,* p. 26.

■ The Court must now determine the amount of attorneys' fees payable to Defendants. Although Efron accepts many of Defendants' fees, he objects all fees arising from pretrial work (Docket No. 164, p. 19) as well as all fees arising from discovery work (e.g., depositions Defendants conducted) (*Id.*, pgs. 9–10, 14, 20).[3] Concerning the fees related with pretrial work, Efron argues that Defendants cannot recover them because "there was no trial, and no decision on the merits of plaintiff's claims." *Id.*, p. 19. As to the discovery work, Efron states that fees can be segregated and that the work can be used in the state proceedings. *Id.* pgs. 9–10, 14, 20.

### Applicable Law and Analysis

In this case, Judge Besosa already determined that Defendants are entitled to attorneys' fees under 42 U.S.C. § 1988(b) for the work performed in connection with Efron's federal claims. Docket No. 151. Therefore, the Court's task here is to determine the proper size of the fee award. To do this, however, the Court must navigate unchartered waters, as the First Circuit has yet to delineate the standard applicable to the situation at hand, where frivolous federal law claims and non-frivolous state law claims are factually inextricable and legally related.[4]

■ In interrelated claims cases, when the fee claimant is a plaintiff, the First Circuit employs the so-called interrelated claims doctrine: "a fee award may include fees for work performed on unsuccessful claims if that party's unsuccessful claims are interrelated to the successful claims by a common core of facts or related legal theories." *Ward v. Hickey,* 996 F.2d 448 (1st Cir.1993). The controlling factor is plaintiff's degree of success in the overall litigation. *Lipsett v. Blanco,* 975 F.2d 934 (1st Cir.1992). This doctrine honors Congress' basic goal of promoting the vigorous vindication of civil rights by providing the aggrieved and their lawyers with an economic incentive to bring grievances to court. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 419, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). At the same time, it recognizes that "counsel in a civil rights case, as in much litigation, must often advance a number of related legal claims in order to give plaintiffs the best possible chance of obtaining significant relief." *Hensley v. Eckerhart,* 461 U.S. 424, 448, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (Brennan, J., concurring in part and dissenting in part).

■ The award of fees to a defendant in civil rights cases responds to different poli-

---

**3.** Efron also challenges the amount of hours Defendants billed for legal work in the case and invites the Court to independently review and adjust fees and costs as may be reasonable. *Id.*, pgs. 14, 18, 19, 20, 21. In previous rulings, however, both Magistrate Judge McGiverin and Judge Besosa held that Efron had failed to question the calculations or the reasonableness of the fees Defendants requested. *See,* respectively, Docket No. 143, p. 7 and Docket No. 151, p. 8. Efron's objection therefore comes too late, and the Court need not consider it further. *See Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir.1998) ("a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals."). Moreover, Efron objects several of Defendants' submissions, stating, exclusively, that they are not within the parameters set by the Court. This is not enough; a perfunctory mentioned of an argument without further support or development is equivalent to waiving the argument. *Naser Jewelers, Inc. v. City of Concord,* 538 F.3d 17, 20 n. 2 (1st Cir.2008).

**4.** Magistrate Judge McGiverin held, without objections, that Defendants' federal and state law claims were factually inextricable and legally related. Docket No. 109, p. 11.

cy concerns. Such an award seeks to deter the filing of frivolous civil rights cases and thus provide a counterweight to the economic incentives afforded to civil rights litigants. *Christiansburg,* 434 U.S. at 422, 98 S.Ct. 694. Accordingly, it is well-settled that a defendant in a civil rights case can only recover fees for work attributable to the defense of a frivolous civil rights claim. *Id.* Because the interrelated claim doctrine enables fee aggregation rather than fee segregation, it is unfit for the adjudication of fees to a defendant in interrelated claims cases.

The complexities involved in awarding fees to a defendant in these types of cases have divided appellate circuit courts into four camps. All camps agree that the district court's equitable discretion is the proper adjudicative compass and recognize § 1988's dual policy objective: "Congress desired to make it easier for a plaintiff of limited means to bring a meritorious suit ... [while at the same time] deter[ring] the bringing of lawsuits without foundation by providing that the prevailing party ... obtain[s] legal fees." *Christiansburg,* 434 U.S. at 422, 98 S.Ct. 694 (internal quotation marks omitted). Each camp, however, adopts a different approach to balance these competing goals when frivolous and non-frivolous claims are at play.

■ The First Circuit and the Fifth Circuit comprise the first camp. *See Ward v. Hickey,* 996 F.2d 448 (1st Cir.1993); *Fox v. Vice,* 594 F.3d 423 (5th Cir.2010), *cert. granted,* —— U.S. ——, 131 S.Ct. 505, 178 L.Ed.2d 369 (2010). This camp holds that defendants are entitled to fees for defending against any frivolous civil rights claim, even when claim interrelatedness complicates the adjudicative task. The following remarks best illustrate this camp's stand:

> The standard for a civil rights defendant to receive fees is high to encourage legitimate civil rights claims. On the other hand, frivolous civil rights claims

waste judicial resources that would otherwise be used for legitimate claims. Accordingly, a district court should not deny fees for defending frivolous claims merely because calculation would be difficult.

*Ward,* 996 F.2d at 455–56 (internal citations omitted); *see also Fox,* 594 F.3d at 429 ("we are confident that the district court will be able properly to weigh and assess the amount of attorneys' fees attributable exclusively to a plaintiff's frivolous claims.").

The second camp includes the Second, Ninth, and Eleventh Circuits. Here, defendants are awarded fees only if frivolous and non-frivolous claims are distinct. *See Harris v. Maricopa County Superior Court,* 631 F.3d 963, 972, 2011 WL 167040, *4 (11th Cir. Jan. 20, 2011) ("a defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint."); *Tutor–Saliba Corp. v. City of Hailey,* 452 F.3d 1055, 1063 (9th Cir.2006) ("because [plaintiff's] constitutional claims were sufficiently distinct from his statutory claims .... the district court did not err in awarding defendants fees...."); *Colombrito v. Kelly,* 764 F.2d 122 (2d Cir. 1985) (denying fees to a defendant when frivolous and non-frivolous claims were inextricably interrelated).

The third camp consists of the Fourth and the Seventh Circuits. A defendants in this camp receives fees if plaintiff's frivolous claims are significant, with claim interrelatedness being a non-decisive factor in the determination. *See Curry v. A.H. Robins Co.,* 775 F.2d 212, 221 (7th Cir. 1985), quoting *Lotz Realty Co. v. United States Dep't of Hous. & Urban Dev.,* 717 F.2d 929, 931 (4th Cir.1983) ("To be a prevailing party under § 1988 a party need not prevail on all issues if a significant one is resolved in its favor.").

Finally, the fourth camp consists of the Sixth Circuit. Here, a defendant never receives fees in interrelated claims cases if plaintiff has asserted at least one non-frivolous claim. *See Balmer v. HCA, Inc.,* 423 F.3d 606, 616–17 (6th Cir.2005) ("it is an abuse of discretion to award attorneys' fees to a prevailing defendant where any part of the plaintiff's cause of action was non frivolous.").

Of course, since this Court sits within the First Circuit, it must award fees to Defendants despite the interrelated nature of Efron's claims. *Ward,* 996 F.2d at 455–56. As stated above, however, the First Circuit has yet to delineate the standard applicable for the task, and, instead, has directed district courts to decide the issue equitably, in a case-by-case basis. *Id.* In this case, when adopting Magistrate Judge McGiverin's R and R, Judge Besosa stated the equitable principles that would inform the award of fees to Defendants: "the Court ... ORDERS defendants to provide records demonstrating which fees and costs are attributable to their work to dismiss the section 1983 claim and that they cannot use in the ongoing litigation in state court." Docket No. 151, p. 12 (emphasis in original). Nonetheless, this Court believes that additional considerations play a determinant role in this case.

 Here, the tension between § 1988's competing policy goals is absent. Judge Besosa found all of Efron's civil rights claims frivolous, and all the claims that remained rested on a local general tort statute. Docket No. 151. Therefore, in determining the size of Defendants' fee award, the Court is unconstrained by the dichotomy between frivolous and non-frivolous *civil rights claims* which has divided

the circuit courts.[5] Moreover, § 1988 governs *federal* causes of action only. Therefore, the status or outcome of related *state* causes of actions is inconsequent for the Court's fee determination. The dispositive inquiry is whether the work Defendants request fees for was performed to fend off Efron's *federal civil rights claims,* regardless of whether the same work can be used to defend against state law claims pending at other forum. The evidence of record compel an affirmative answer to this question.

As stated previously, Efron disputes Defendants' fee request in connection with pretrial and discovery work. Regarding pretrial work, the record shows that Defendants performed this work to comply with Judge Besosa's Case Management Order, which required pretrial submissions to be filed by a specific date. Docket No. 29. Moreover, Defendants had to perform this work to try the case in the event their motion for summary judgment failed. In other words, it is undisputed that Defendants performed pretrial work to defend against Efron's federal claims, despite Efron's protestation that "there was no trial, and no decision on the merits of plaintiff's claims." Docket No. 164, p. 19. To receive a fee award for pretrial work, however, Defendants needed to show which portions of their work were performed to address Efron's frivolous federal claims. *See Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 427 (9th Cir. 2000) ("The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant." (citing *Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. 1933.)). Defendants made this distinction in connection with the fees requested for summary judg-

---

**5.** Out of all the circuit court decisions cited above, only *Fox,* 594 F.3d 423 presents interrelated federal civil rights claims and state law claims. All other cases deal with interrelated federal civil rights claims. *Fox,* however, fails to make the distinction between federal civil rights claims and state law claims.

ment work, stating, for example, that "6 of 7 grounds submitted in the motion pertain to the section 1983 claim and only 1 to the pendent claim . . . ." Docket No. 154, p. 21. The same type of distinction was possible in connection with pretrial work, but none of Defendants' submissions make it. Defendants' fee request in connection with pretrial work is therefore **DENIED.**

■ Discovery work is a different story. There is no dispute that the facts and law upon which Efron predicated his federal and state law claims were inextricably interrelated. Defendants' argument is therefore correct: "the facts being the same, the potential witnesses and damages evidence would have also been the same. The trial work would be one and the same . . . . Consequently, the discovery process was also inseparable and the work done cannot be allocated by claim." Docket No. 154, p. 8. It necessarily follows then that all discovery work Defendants performed in this case was required to defend against Efron's frivolous federal claims. Moreover, the fees Efron challenges in connection with discovery work arose from depositions Defendants conducted. The dynamics involved in this type of work generally require the deponent to cover a wide range of subjects to develop the facts relevant to any given claim. This, in turn, renders the task of allocating deposition work between claims virtually impossible. For these reasons, Defendants' fee request in connection with discovery work is **GRANTED.**

### Conclusion

Based on the foregoing, Defendants' fee request is **GRANTED,** with the exception of the $9,204 attributable to pretrial work.

**IT IS SO ORDERED.**