# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 11, 2011

Lyle W. Cayce
Clerk

No. 10-30633
Summary Calendar

SERENA ADCOCK,

Plaintiff - Appellant

v.

SUNQUEST PROPERTIES INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-962

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Serena Adcock appeals the district court's grant of summary judgment to Appellee Sunquest Properties, Inc. on her pregnancy discrimination claims. The district court held that Adcock failed to show discrimination in violation of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e *et seq*.,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30633

and awarded $17,212.20 in attorney's fees to Sunquest. We AFFIRM the summary judgment, but REVERSE the attorney's fee award.

Serena Adcock was hired in 2005 to serve as the manager for Southern Oaks, an apartment complex owned and managed by Sunquest Properties, Inc. ("Sunquest"). Nearly two years later, knowing Adcock was pregnant, Kathryn Burkett, Adcock's supervisor, promoted Adcock to manage a larger complex. Adcock received a $6,000 annual salary increase in tandem with her promotion.

After Adcock was promoted to the Ashton Pines property, Burkett began receiving complaints from a number of different sources about Adcock's job performance. Upon learning of these complaints, Burkett spoke with Sunquest's comptroller about Adcock's performance, who agreed Adcock should be terminated. On August 16, 2007, Burkett advised Adcock and Mandy Lindsey, a personal acquaintance whom Adcock had hired as her assistant manager, that they were fired. Adcock subsequently filed suit, alleging gender and pregnancy discrimination in violation of federal law. The district court granted Sunquest's motion for summary judgment and, finding Adcock's claims frivolous, awarded Sunquest $17,212.20 in attorney's fees. Adcock timely appealed both rulings.

We review rulings on motions for summary judgment de novo, applying the same standard as the district court. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 553 (5th Cir. 2003). A court may only grant summary judgment if there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "In determining whether summary judgment is appropriate, all of the evidence introduced and all of the factual inferences from the evidence are viewed in a light most favorable to the party opposing the motion and all reasonable doubts about the facts should be resolved in favor of the nonmoving party." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

No. 10-30633

We review the district court's decision to award attorney's fees under 42 U.S.C. § 2000e-5(k) for abuse of discretion. *See Fox v. Vice*, 594 F.3d 423, 426 (5th Cir. 2010). The findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. *Id.*

The Pregnancy Discrimination Act (PDA) prohibits employers from discriminating against a female employee on the basis of the employee's pregnancy. 42 U.S.C. § 2000e(k). In order to establish a prima facie case of discrimination, an employee must show (1) she was a member of a protected class; (2) she was qualified for the position she lost; (3) she was fired; and (4) that other similarly situated employees were more favorably treated, or that she was replaced by a person who is not a member of the protected class. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999); *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). It is undisputed that Adcock belonged to a protected class, that she was terminated, and that she was replaced by a person who was not pregnant. As to the second element, Adcock argues that the district court erred in finding she was not qualified for the management position at Ashton Pines. Assuming, *arguendo*, Adcock has established a prima facie case, we nevertheless affirm the district court's summary judgment ruling because Sunquest has offered legitimate, nondiscriminatory reasons for terminating Adcock's employment and Adcock has failed to offer sufficient evidence of pretext or discriminatory intent.

There were a number of performance-related reasons for terminating Adcock's employment. Sunquest had received a number of complaints from tenants regarding their inability to contact Adcock during office hours, either because the phones were forwarded to an answering service or because the office doors were locked. Burkett testified that she received reports that Adcock was failing to perform other tasks, like providing appropriate work orders to the

3

maintenance crew and updating the apartment's vacancy board. Finally, Adcock wrongfully accused another employee of stealing a company credit card and screamed at him in the main office using some inappropriate language. These represent sufficient, nondiscriminatory reasons for Adcock's termination.

Adcock attempts to show that these reasons were pretextual by identifying two allegedly discriminatory comments made to Adcock by Burkett. The first occurred before Adcock's promotion when Burkett inquired whether the presence of mold at Ashton Pines would present any health problems for Adcock. Adcock responded that the mold would not be a problem. Later, sometime after Adcock arrived at Ashton Pines, Burkett asked Adcock whether she was capable of "handling" the stairs at Ashton Pines, which were more numerous there than at Southern Oaks. Adcock responded that she would have no trouble navigating them.

In order for workplace comments to provide evidence of discrimination, they must be (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue. *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 343-44 (5th Cir. 2002) (quoting *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000)). Here, the first comment regarding the mold at Ashton Pines was communicated to Adcock *before* she was promoted to manage the Ashton Pines complex and given a $6,000 annual salary increase. Accordingly, the comment is, as a matter of law, neither "proximate in time" nor "related to" Adcock's termination. The second comment regarding the stairs is similarly unavailing since it neither indicates discriminatory intent nor relates to Adcock's termination. In fact, Adcock admitted that once she told Burkett that she would have no trouble with the

stairs, Burkett never broached the subject again. The inquiry alone, without more, lacks probative value on the issue of discriminatory intent.

Adcock's attempts to prove discrimination are undermined as well by evidence that Mandy Lindsey, who was not pregnant at the time of her employment with Sunquest, was fired at the same time as Adcock. What's more, Adcock testified that another employee, who was on maternity leave while Adcock was employed at Ashton Pines, returned to Sunquest following her pregnancy. Taking these facts together, Adcock has failed to create any fact issue as to pretext, and we thus affirm the district court's summary judgment.

Adcock also argues that the district court erred in awarding Sunquest $17,212.20 in attorney's fees. We agree. Attorney's fees for prevailing defendants in Title VII actions are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit. *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). Since there is no evidence that the case was brought in bad faith or litigated in a vexatious manner, we must determine whether Adcock's action was sufficiently frivolous to justify an award of attorney's fees to Sunquest.

To determine whether a case is frivolous, the court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997-98 (5th Cir. 2008) (quoting *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). While Adcock's suit was appropriately dismissed on summary judgment, the district court abused its discretion in finding that the case was so groundless as to warrant the award of attorney's fees. Adcock arguably satisfied the *prima facie* elements of a discrimination claim, and raised at least plausible arguments as to why Sunquest's legitimate, nondiscriminatory reasons for terminating her were

pretextual.  While the district court was correct in ultimately finding them insufficient to create a fact issue for the jury, we do not believe Adcock's case was sufficiently deficient to warrant an award of attorney's fees.

Consequently, we AFFIRM the summary judgment, but REVERSE the award of attorney's fees.