# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2011

No. 11-50170
Summary Calendar

Lyle W. Cayce
Clerk

JOELLE OGLETREE,

Plaintiff–Appellant

v.

GLEN ROSE INDEPENDENT SCHOOL DISTRICT,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-239

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joelle Ogletree brought this suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that the Glen Rose Independent School District ("School District") discriminated against her on the basis of sex and retaliated against her by denying her two teaching positions in 2008. The district court granted the School District's motion for summary judgment. In addition, the district court granted the School District's motion for fees, determining that her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50170

claims were frivolous, unreasonable, and groundless. Ogletree appeals the district court's orders related to her retaliation claim and the fee award, but does not appeal the dismissal of her discrimination claim. We affirm the district court's order granting summary judgment, and affirm in part and reverse in part its order granting fees.

## I. BACKGROUND

Joelle Ogletree worked for the School District as a high school French and English teacher from January 2000 until the School District terminated her employment in October 2002. Ogletree's employment was terminated because of allegations that she had engaged in sexual conduct with up to four male students. One student denied the allegations; another denied the allegations at first, later admitted to them, and finally reversed himself again and denied them; the two remaining students stated that the allegations were true.

Ogletree was indicted in 2003 on two counts of sexual assault of a child. She maintained her innocence, twice refusing plea offers by the government. Her trial on those charges ended when the judge granted the prosecution's motion for a mistrial on the second day of testimony. The district attorney declined to pursue further charges against Ogletree.

The Texas State Board of Educator Certification ("State Board"), however, investigated the students' allegations and brought a disciplinary action against Ogletree, seeking to revoke her teaching certificate. After a three-day hearing—including live testimony from one of Ogletree's accusers and deposition testimony from another—a state-appointed administrative law judge ("ALJ") issued a lengthy opinion in August 2006, concluding that Ogletree's testimony was credible while her accusers' was not. The State Board adopted the ALJ's conclusions and allowed Ogletree to keep her teaching certification.

Prior to the release of the ALJ's opinion, Ogletree filed an action against the School District in Texas state court alleging, among other things, that the

No. 11-50170

School District discriminated in favor of male employees who had been accused of inappropriate conduct.[1] While that state-court action was pending, the School District three times denied Ogletree's request to volunteer in her daughters' schools (which were within the School District). In each of three letters sent by the School District to Ogletree denying her requests—in December 2006, September 2007, and September 2008—the School District specifically cited both the ongoing legal dispute and the prior allegations of inappropriate sexual conduct as reasons for declining her request to volunteer. In addition, among other items included in a packet for board members at a November 2008 school-board meeting was a list of reasons why Ogletree's application to volunteer had been denied; this list included the pending litigation against the School District and the allegations of inappropriate sexual conduct.

Also during the pendency of her state-court action, in April and May 2008, Ogletree applied for open positions as a French teacher and an English teacher, respectively, at a high school within the School District. These applications are the subject of this suit. The French teacher position was never filled because the School District opted to offer the course online via the Texas Virtual Schools Network. With respect to the English teacher position, the School District's board of trustees ultimately selected another female teacher for the job.

Ogletree filed this lawsuit, alleging that the School District had not hired her or allowed her to volunteer because she was a woman, and because she had previously filed a lawsuit alleging sex discrimination. The School District moved for summary judgment. In its motion, it argued: (1) that Ogletree had not submitted evidence supporting her discrimination claims; (2) that there was no causal connection between its hiring decisions and Ogletree's prior lawsuit; and

---

[1] Summary judgment was eventually granted in favor of the School District in this lawsuit, which was affirmed on appeal. *See Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450 (Tex. App. 2010).

No. 11-50170

(3) that even if such a causal connection existed, it would have refused to hire her anyway because of her students' prior allegations of inappropriate sexual conduct. The district court granted the School District's motion. The School District then moved for fees, which were granted by the district court. This appeal followed.

## II. STANDARD OF REVIEW

We review the district court's order granting summary judgment de novo. *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011). "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011) (citation and internal quotation marks omitted).

We review the district court's order granting fees under 42 U.S.C. § 2000e–5(k) for abuse of discretion. *See Fox v. Vice*, 594 F.3d 423, 426 (5th Cir. 2010). The district court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. *Id.*

## III. DISCUSSION

On appeal, Ogletree argues that: (1) because she provided direct evidence of retaliation, it was incorrect for the district court to have applied the *McDonnell Douglas* burden-shifting framework; (2) even if her evidence were merely circumstantial, it raised material issues of fact concerning whether the School District's proffered reasons for not hiring her were pretextual;[2] and (3)

---

[2] Ogletree also argues that the mixed-motive method of proving retaliation applies. Ogletree devotes one half-page of her 37-page opening brief and four lines of her 17-page reply brief to this argument. We agree with the district court's determination that "[t]here is no evidence of a 'mixed motive' in this case." *Ogletree v. Glen Rose Indep. Sch. Dist.*, No. 6:09-CV-239, at *6 (W.D. Tex. Dec. 3, 2010). Ogletree's only evidence of the School District's retaliatory intent are the letters and document in the school-board packet that cite Ogletree's prior lawsuit as one of the reasons for not allowing her to *volunteer*. This evidence does not

because her claims were not frivolous, the district court should not have granted the School District's motion for fees.

## A.    Ogletree's Retaliation Claims

To establish a prima facie retaliation claim, a plaintiff must show that: "(1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). It is undisputed that Ogletree satisfied the first two elements of her retaliation claims: the lawsuit she filed in state court alleging sex discrimination was a protected activity, *see Vadie v. Miss. State Univ.*, 218 F.3d 365, 379 (5th Cir. 2000), and the School District's failure to hire her for the French and English teaching positions constitute adverse employment actions, *see Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000). "To establish the causation element of [her] retaliation claim under Title VII, [Ogletree] must present either direct evidence of retaliation or circumstantial evidence creating a rebuttable presumption of retaliation." *Washburn v. Harvey*, 504 F.3d 505, 510 (5th Cir. 2007) (citation and internal quotation marks omitted).

### 1.    *Direct Evidence*

"Direct evidence" is "evidence which, if believed, proves the fact [in question] without inference or presumption." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003), *overruled on other grounds by Smith v. Xerox Corp.*, 602 F.3d 320, 330–32 (5th Cir. 2010). Ogletree argues that she provided direct evidence of the School District's retaliation: the three letters and the document in the school-board packet specifically citing her prior ongoing lawsuit

---

constitute "substantial evidence supporting a conclusion that both a legitimate and an illegitimate (i.e., more than one) motive may have played a role." *See Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010).

No. 11-50170

as among the reasons she was not allowed to volunteer at her daughters' schools. This evidence may be direct evidence that Ogletree's prior lawsuit was among the reasons she was not allowed to *volunteer*. But for this evidence to support her retaliation claims an additional inference is required: that the School District's reasons for not hiring her were the same as its reasons for not allowing her to volunteer. Accordingly, the School District's letters and the board packet are not direct evidence supporting her retaliation claims.

## 2.    *Circumstantial Evidence*

In the more common case where direct evidence of retaliation is unavailable, the familiar *McDonnell Douglas* burden-shifting framework applies. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that framework, "a plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case." *Id.*

> If the plaintiff successfully presents a prima facie case, the burden shifts to the employer to provide a legitimate, non-retaliatory reason for the adverse employment action. Upon answering this inquiry, the burden returns to the plaintiff to prove that the protected conduct was a "but for" cause of the adverse employment decision.

*Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011) (citations and internal quotation marks omitted).

Assuming, *arguendo*, that Ogletree established a prima facie case,[3] the School District articulated legitimate, non-retaliatory reasons for not hiring Ogletree: with respect to the French teacher position, the School District states that for financial reasons, it decided to offer the class online; and with respect

---

[3] The School District's letters and the document included in the school-board packet citing the lawsuit as a reason not to allow Ogletree to volunteer may be sufficient to show a causal connection between her prior lawsuit and the School District's decision not to hire her. But the School District maintains that its decision not to allow Ogletree to volunteer was entirely unrelated to its decision not to hire Ogletree as a teacher.

No. 11-50170

to both the French and the English teacher positions, the School District maintains that regardless of Ogletree's prior lawsuit, it did not—and would not—hire her because of the prior accusations of inappropriate sexual conduct with students. Thus, for Ogletree to avoid summary judgment, she "must demonstrate a conflict in substantial evidence on [the] ultimate issue of 'but for' causation." *Id.* at 130. "Evidence is 'substantial' if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* (citation omitted).

The strongest evidence that, but for her prior lawsuit, the School District would have hired Ogletree for the French or English teaching position is that the School District hired another employee, Tommy Corcoran, despite prior allegations that he physically assaulted a student. This evidence does not, however, undermine the School District's reason for not hiring Ogletree because, as noted by the district court, corporal punishment of students is permissible in Texas while inappropriate sexual conduct with students is not. Thus, Ogletree has not demonstrated a conflict in substantial evidence on the issue of but-for causation. We note, too, that the School District's reason for not hiring Ogletree is not at all arbitrary: if it hired Ogletree despite the prior accusations against her, and another alleged instance of inappropriate sexual conduct occurred, the School District and its employees could face civil liability even though she had not been convicted. *See Guillory v. Thomas*, 355 F. App'x 837, 840–42 (5th Cir. 2009). Because Ogletree failed to provide evidence that her prior lawsuit was a "but for" cause of the School District's hiring decision, the district court appropriately granted summary judgment.[4] *See Hernandez*, 641 F.3d at 129.

---

[4] To the extent that Ogletree argues that the School District's refusals to allow her to volunteer in her daughters' schools were actionable retaliatory acts, these claims would necessarily fail for the same reason.

## B.    The District Court's Fee Award

Ogletree argues that the district court should not have awarded the School District $24,972.72 in attorneys' fees. "A district court may award attorney's fees to a prevailing civil rights defendant only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). "[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 988 (5th Cir. 2008).

The district court awarded attorneys' fees in part because Ogletree "had already lost a lawsuit against the School District over the same events, although her previous case was filed under 42 U.S.C. § 1983." *Ogletree v. Glen Rose Indep. Sch. Dist.*, No. 6:09-CV-239, at *2 (W.D. Tex. Mar. 2, 2011).  Contrary to that statement, Ogletree's prior lawsuit concerned the School District's decision to terminate her in 2002, not the School District's decision not to hire her in 2008. Nonetheless, Ogletree's discrimination claims—which she did not appeal—were without merit, and the district court's fee award was not an abuse of discretion and is affirmed with respect to the fees attributable to those claims.  With respect to Ogletree's retaliation claims, however, she arguably established a prima facie case of retaliation.  We cannot say that these claims "were so lacking in arguable merit as to be groundless," *see Stover*, 549 F.3d at 988, and the district court abused its discretion insofar as its fee award is attributable to Ogletree's retaliation claims.

## IV.  CONCLUSION

For the forgoing reasons, the district court's order granting summary judgment is affirmed; its order granting fees is affirmed in part and reversed in part, and is remanded for recalculation of the fee award.

No. 11-50170

AFFIRMED in part, REVERSED in part, and REMANDED.