896 F.Supp. 1213 (1994)
Pedro A. RAMOS, M.D., Plaintiff,
v.
BOEHRINGER MANHEIM CORP., Defendant.
No. 90-0416 CIV.
United States District Court, S.D. Florida.
September 30, 1994.
*1214 Spence, Payne, Masington & Needle, P.A., Miami, FL by R.W. Payne and A. Francisco Areces, Parkhurst, Wendel & Rossi, Alexandria, VA by Roger W. Parkhurst, for plaintiff.
Barnes & Thornburg, Indianapolis, IN by Donald E. Knebel and Mark D. Janis, Shutts & Bowen, Miami, FL by John T. Kolinski, for defendant.
MISHLER, District Judge.
Before the court is plaintiff's motion for a new trial to reopen and vacate its judgment pursuant to Rule 59(a)(2) of the Federal Rules of Civil Procedure, and in the alternative, for amended and new conclusions of law and findings of fact, and amended or new judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The background of this case is discussed in this Court's Memorandum and of Decision and Order dated August 16, 1994. For the following reasons, the motion is denied.[1]

Discussion
A motion for a new trial or for amended conclusions of law and fact should be based on "manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Wright & Miller, Federal Practice and Procedure: Civil § 2804 (1973); see also 6A Moore's Federal Practice ¶ 59.07 (1993). Other courts have "distilled three major grounds justifying reconsideration: an intervening change in controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice." Estate of Pidcock v. Sunnyland America, Inc., 726 F.Supp. 1322, 1333 (S.D.Ga.1989) (citations omitted). Further, as a general rule, a motion to amend or for a new trial should not be used to relitigate old issues or to introduce evidence that was available at trial. Id. at 1334 (citing Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir.1986)).

1. Stare Decisis

Specifically, plaintiff argues that this court's Memorandum of Decision and Order "is erroneous as contrary to the controlling law ... and as completely disregarding the principles of stare decisis ...." (Plaintiff's Motion p. 1) This argument carries no weight. Plaintiff entirely misconstrues the doctrine of stare decisis. Plaintiff asserts that this court is bound by all of the legal and factual findings determined by Judge Aronovitz in an earlier patent infringement case (Ramos v. Biomet, Inc., 828 F.Supp. 1570 (S.D.Fla.1993) brought by plaintiff against an entirely different defendant.
In reaching this conclusion plaintiff relies heavily on Mendenhall v. Cedarapids, Inc., 5 F.3d 1557 (Fed.Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1540, 128 L.Ed.2d 192 *1215 (1994). Mendenhall is inapposite to plaintiff's position. Plaintiff correctly notes that Mendenhall states that "[s]tare decisis in essence `makes each judgment a statement of the law, or precedent, binding in future cases before the same court or another court owing obedience to its decision....' Thus, stare decisis could be invoked by a district court or by this court [Federal Circuit] based on a prior decision of this court but the opinion of one district court is entitled only to comity in another district court." (Plaintiff's Motion at 2 (quoting Mendenhall, 5 F.3d at 1570)). However, this in no way supports plaintiff's position. Certainly, this Court is bound by the decisions of the Court of Appeals for the Eleventh Circuit and the Supreme Court, but we are not bound by the decisions of another district court. Despite plaintiff's assertion, we are not the same court as Judge Aronovitz. "[O]ne judge may not feel bound by the decisions of another judge sitting in the same district." 1B Moore's Federal Practice ¶ 402[1]. Thus, the Biomet case does not deserve the preclusive effect plaintiff suggests.[2]
Even if this court were to give the Biomet case stare decisis effect, it would only be bound by the conclusions of law rather than the findings of fact. In fact, Mendenhall states that stare decisis "deals only with law, as the facts of each successive case must be determined by the evidence adduced at trial...." Mendenhall at 1570 (quoting Moore's Federal Practice, ¶ 401 (1993)). It further held that "stare decisis applies only if the underlying factual findings in the two cases are the same, not merely the evidence." Id. Plaintiff also cites Radio Corp. of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163 (1934) in support of its stare decisis argument. However, "the Court [in Radio Corp.] did not endorse a rule that an unrelated defendant is bound by factual findings in a prior suit absent different evidence." Mendenhall, 5 F.3d at 1572.[3]
Perhaps recognizing that even were this Court to have accepted plaintiff's stare decisis argument it still would not have been bound by any previous factual findings, plaintiff attempts to consider some of Judge Aronovitz' findings of fact as conclusions of law. Plaintiff asserts that "[t]his Court's August 16, 1994 decision most pointedly conflicts with Judge Aronovitz' prior conclusions of law 39 and 40...." (Plaintiff's Motion at 5 (emphasis added)). However, the sections cited by plaintiff were "Findings of Fact" rather than "Conclusions of Law", as clearly labelled by Judge Aronovitz. Ramos, 828 F.Supp. at 1577. Plaintiff twice in his motion mistakenly referred to those "Findings of Facts" as "Conclusions of Law." This Court is not bound by the factual findings of another district court. This Court carefully and painstakingly considered all of the evidence and independently determined the factual findings. See Mendenhall, 5 F.3d at 1571 ("No precedent eliminates the need for independent factfinding in the second trial before stare decisis applies.")

2. Relitigating Same Issues

Aside from plaintiff's stare decisis argument, he still wants this Court to reconsider our findings of fact and conclusions of law. For this purpose, plaintiff merely refers to his original Proposed Findings of Fact and Conclusions of Law and to the Biomet case. A motion made pursuant to Rule 59 is not intended to allow a party to merely relitigate arguments previously made to the court or to present authority which was available at the time of the first trial. See Z.K. Marine, Inc. v. M/V Archigetis, 808 F.Supp. 1561 (S.D.Fla.1992); see also Adams v. James, 526 F.Supp. 80, 86 (M.D.Fla.1981). This Court has already carefully weighed all of the evidence and has already considered the plaintiff's Proposed Findings of Fact and Conclusions of Law. We have now done so a *1216 second time and we stand by our original findings of fact and conclusions of law.

Conclusion
For the above stated reasons plaintiff's motion is DENIED, and it is
SO ORDERED.
NOTES
[1] Defendant claims that plaintiff's Rule 59 motion is untimely. Although defendant is correct that a Rule 59 motion must be filed within 10 days and that the time period cannot be enlarged, the clock runs from the date the judgment was entered. See Fed.R.Civ.P. 59(b), (e) ("not later than 10 days after the entry of judgment"). Judgment was filed on August 22, 1994, but was entered on August 29, 1994. Thus plaintiff's motion was timely.
[2] The Biomet case certainly cannot have any issue or claim preclusion effects because the defendant was not a party in the first action. "Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position." Blonder-Tongue Lab, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329-330, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971).
[3] It is perplexing how plaintiff could have actually read Mendenhall and reached his conclusions.