**In re Margaret BRAITHWAITE, Debtor.**

**Bankruptcy No. 95–31653.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 18, 1996.

Derrick Rippy, Office of the U.S. Trustee, Cleveland, Ohio.

Elliot Feit, Toledo, Ohio, for Debtor.

## OPINION AND ORDER DENYING MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS OF FACT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Debtor Margaret Braithwaite's (the "Debtor") motion to amend or make additional findings of fact pursuant to Fed.R.Civ.P. 52(b), made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7052. Specifically, the Debtor

seeks to amend this Court's opinion and order dated February 15, 1996 (the "Opinion") which held that the Debtor's bankruptcy case constituted a "substantial abuse" of chapter 7 under 11 U.S.C. § 707(b). The United States Trustee ("UST") has filed a response to which the Debtor has filed a reply. The Court finds that the Debtor's motion is not well taken and should be denied.

## FACTS

Although the Debtor seeks to supplement the record with additional documentary and testimonial evidence, the Debtor has not presented any newly discovered evidence. Further, the Debtor seeks to reargue this Court's findings of fact and conclusions of law.

## DISCUSSION

■ A court may amend a prior judgment "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986) (citation omitted); *see also TGC Corp. v. HTM Sports, B.V.*, 896 F.Supp. 751, 754 (D.Tenn.1995) (stating that "the Court may grant a new trial where it concludes that it has made a 'manifest error of law or mistake of fact' and that 'substantial reasons' exist for setting aside the judgment") (citations and internal quotation marks omitted). "This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot*, 791 F.2d at 1219 (citations omitted); *see also Nat'l Metal Finishing Co. v. Barclays-American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990) (stating that "Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the trial court") (citation omitted).

■ First, the Debtor's untimely request to supplement the record must be denied. *Cf. Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F.Supp. 1181, 1190–92 (W.D.Mich.1995) (denying plaintiff's motion to alter or amend under Fed.R.Civ.P. 59(e) which sought to supplement the record with affidavit of plaintiff's expert where plaintiff failed to demonstrate reasonable diligence for untimely submission of expert testimony). " 'A party who failed to prove [her] strongest case is not entitled to a second opportunity by moving to amend a finding of fact and a conclusion of law.' " *Colunga v. Young*, 722 F.Supp. 1479, 1489 (W.D.Mich.1989) (citing 9 C. Wright, A. Miller & F. Elliott, Federal Practice and Procedure § 2852 (1971 & Supp.1989)), *aff'd*, 914 F.2d 255 (6th Cir. 1990). Permitting the Debtor to supplement the record at this late date would prejudice the UST, who has not had the opportunity to cross-examine the Debtor's affiants. Likewise, the UST has not had the opportunity to challenge the documentary evidence submitted by the Debtor on cross-examination. *See In re Marion Carefree Ltd. Partnership*, 171 B.R. 584, 587–88 (Bankr.N.D.Ohio 1994) (granting Debtor's motion to strike exhibits contained in government's post-trial brief where Debtor did not have the opportunity to cross-examine or rebut proffered documents at trial) (citing *Jackson v. Frank*, 859 F.Supp. 1250, 1257 (E.D.Mo.1994)). Here, as in *Javetz*, the need to safeguard an adverse party from unfair prejudice and the need to uphold the finality of this Court's judgment weigh heavily against permitting the Debtor to supplement the record. *Javetz*, 903 F.Supp. at 1192.

■ Second, the Debtor has not convinced the Court that the Opinion contained a manifest error of law or mistake of fact. On the contrary, the Opinion adequately sets forth the Court's findings of fact and conclusions of law. As the Court stated in *Erickson Tool Co. v. Balas Collet Co.*,

[t]he Court need not fragmentize the evidence and make extensive findings to negative every offer of proof which has failed to persuade it, nor must it make findings and conclusions to set forth the extent of its reliance upon the testimony of witnesses or its assessment of their credibility, or the weight given to such testimony in relation to other evidence introduced at trial. The Court need only find such ultimate facts as are necessary to reach a decision in the case and is not required to

make findings encompassing each and every detailed dispute or disagreement asserted by counsel or appearing in the evidence.

*Erickson Tool Co. v. Balas Collet Co.,* 277 F.Supp. 226, 234–35 (N.D.Ohio 1967), *aff'd* 404 F.2d 35 (6th Cir.1968).

Third, the Court cannot conclude that denying the Debtor's motion would work a manifest injustice.

In light of the foregoing, it is therefore

ORDERED that the Debtor's motion be, and it hereby is, denied.