**In re REDONDO CONSTRUCTION CORPORATION, Debtor.**

**Redondo Construction Corporation, Plaintiff**

**v.**

**Puerto Rico Highway and Transportation Authority, Defendant.**

**Bankruptcy No. 02–02887 (ESL).**
**Adversary No. 03–00194 (ESL).**

United States Bankruptcy Court, D. Puerto Rico.

Signed March 7, 2014.

Charles Alfred Cuprill, Patricia I. Varela, Nicolas Anthony Wong Young, Charles A. Cuprill, PSC Law Office, Freddie Perez Gonzalez, San Juan, PR, Colleen H. Johnson, Falmouth, MA, for Plaintiff.

Hector Benitez Arraiza, Quinones & Arbona, P.S.C., Kermell Z. Hernandez Rivera, Toledo & Toledo Law Offices, PSC, Luis A. Rivera Cabrera, Raul Serrano Diaz, Luis A. Rivera Cabrera Law Office, Maria Eugenia Villares–Seneriz, Caguas, PR, Vanessa Saxton Arroyo, San Juan, PR, for Defendant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE,
Bankruptcy Judge.

This adversary proceeding is before the court upon the *Motion for Additional or Amended Findings and to Alter or Amend the Judgment Pursuant to Rule 7052 of Bankruptcy Procedure* (the "*Motion to Alter or Amend*", Docket No. 301) filed by defendant Puerto Rico Highway and Transportation Authority ("PRHTA")[1] and the *Objection to Motion for Additional or Amended Findings and to Alter or Amend Judgment* (Docket No. 304)[2] filed by plaintiff Redondo Construction Corp. ("Redondo").

*Applicable Standard to Motions
for Additional or Amended
Findings*

Fed.R.Civ.P. 52(b), applicable to bankruptcy proceedings through Fed. R. Bankr.P. 7052, allows "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." *National Metal Finishing Company v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 122 (1st Cir.1990). Fed.R.Civ.P. 52(b) motions proceed only when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. *See In re Braithwaite*, 197 B.R. 834, 835 (Bankr.N.D.Ohio 1996) citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986). "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside

---

**1.** Prior to the filing of the *Motion to Alter or Amend,* both the Plaintiff and the Defendant consolidated the filing of their respective motions in this case with Adversary Proceedings Nos. 03–00192 and 03–00195. *See* the consolidated captions of their motions all three adversary proceedings. The legal issues in all three adversary proceedings are the same: the only distinction is that each adversary proceeding corresponds to a different project. The consolidated *Opinion and Order* in all the three adversary proceedings was entered in the instant one at Docket No. 282. *Partial Judgments* were issued separately for each adversary proceeding. *See e.g.* Docket No. 283. The *Partial Judgment* in Adversary Proceeding No. 03–00192 was appealed to the United States District Court for the District of Puerto Rico. *See* Adv. Proc. No. 03–00192 Docket Nos. 330 and 332. The *Partial Judgment* in Adversary Proceeding No. 03–00195 was appealed to the United States Bankruptcy Appellate Panel for the First Circuit. *See* Adv. Proc. No. 03–00195 Docket Nos. 289 and 291.

**2.** The *Request for Certification of Appeals to the United States Court of Appeals for the First Circuit* incorporated into Docket No. 304 was denied in the *Opinion and Order* entered on February 27, 2014 (Docket No. 310).

except for substantial reasons.'" *In re Novak,* 223 B.R. 363, 371 (Bankr.M.D.Fla. 1997), citing *Ramos v. Boehringer Manheim Corp.,* 896 F.Supp. 1213, 1214 (S.D.Fla.1994).

▇▇▇▇ "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon." Wright and Miller, 9C *Federal Practice and Procedure:* Civil 3d § 2582. Motions to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits". *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986). Fed.R.Civ.P. 52(b) was not created to allow litigants to relitigate old issues. *National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990). Therefore, "[a] party who failed to prove his strongest case is not entitled to a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or a conclusion of law." Wright and Miller, 9C *Federal Practice and Procedure:* Civil 3d § 2582.

In the instant case, although PRHTA titled its motion as *"Motion for Additional or Amended Findings"*, it failed to state, identify and/or justify the facts it sought to add, amend and/or alter. Perhaps understandingly so, as the factual framework of the *Opinion and Order* (Docket No. 282) is the *Joint Stipulation of Uncontested Facts* (Docket No. 266). PRHTA's arguments hinge on legal conclusions rather than factual issues. Hence, the *Motion to Alter or Amend* does not meet the Fed.R.Civ.P. 52(b) requirements.

▇▇▇▇ PRHTA contends in its *Motion to Alter or Amend* that the pre-judgment interest applied in the *Opinion and Order* (Docket No. 282) under Article 1061 of the Civil Code of Puerto Rico transcends to post-judgment interest because it must be applied from the stipulated dates of substantial completion until PRHTA's final payment on the principal of the amounts owed for each project, which contravenes 28 U.S.C. § 1961. PRHTA contends that "in a federal case, if the source of a claim is pursuant to state law, then pre-judgment interest may be imposed pursuant to that state's law until the date of the first judgment in the adversary proceeding. But after the date of the first judgment, the only applicable rate for post-judgment interest is the one imposed by § 1961 of the Judicial Code, as stated in the First Circuit Court's Opinion for this case" (Docket No. 301, pp. 8–9, ¶ 24). To that effect, PRHTA cites *In re Reposa,* 186 B.R. 775 (Bankr.D.R.I.1995), for the proposition that "pursuant to Rhode Island [state] Law [pre-judgment interest accrued] from the date the cause of action accrued until the date of that court's first judgment in that adversary proceeding. Subsequent to the date of the first judgment, the federal interest rate applied, calculated according to 28 U.S.C. § 1961 until the judgment was paid" (Docket No. 301, p. 9, fn. 1). Pre-judgment and post-judgment interests in Rhode Island are governed as follows:

> In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. Post-judgment interest shall be calculated at the rate of

twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided. R.I. Gen. Laws § 9–21–10(a).

In Puerto Rico, however, Article 1061 of the Civil Code provides for pre-judgment interest "as an independent indemnity for damages, by way of penalty, for default in payment". *Rivera v. Crescioni,* 77 D.P.R. 47, 55–56, 77 P.R.R. 43, 51 (1954). Article 1061 applies "after maturity of the obligation ... from the date on which the debtor is in default", independently of whether a complaint is filed or not. *Piovanetti Antonsanti v. Vivaldi Pacheco,* 80 P.R.R. 108, 113–114, 80 D.P.R. 108, 114 (1957). *Also see Reyes v. Banco Santander de P.R.,* 583 F.Supp. 1444, 1447 (D.P.R.1984) ("According to the Civil Code, persons obliged to deliver or to do some act, are in default from the moment the creditor demands the fulfillment of the obligations, judicially or extra-judicially ... The non-payment results in the assessment of legal interest, under [31 L.P.R.A. § ] 3025, in absence of a stipulation to the contrary, because the obligation was one to pay a sum of money"). Moreover, pre-judgment interest under Article 1061 may be awarded even when they have not been claimed in the complaint. *See Fuentes v. Hull Dobbs Co.,* 88 P.R.R. 544, 553, 88 D.P.R. 562, 571 (1963). Hence, Article 1061 applies until the obligation is no longer in default. It is an independent remedy from the post-judgment interests afforded in 28 U.S.C. § 1961. Therefore, PRHTA's objection to the imposition of Article 1061 interest past the judgment in the instant case is hereby denied.

■■■ PRHTA also claims in its *Motion to Alter or Amend* that the *Opinion and Order* grants pre-judgment interest from November 1, 1993 (Mayaguez Project's stipulated date of substantial completion) when Redondo submitted its claim on December 6, 2000. This court is not moved by such argument. *See* Docket No. 301, p. 14, ¶ 39. In *Master Concrete Corp. v. Comp. de Fomento Recreativo,* 152 D.P.R. 616, 630 (2000), the Supreme Court of Puerto Rico ruled that in lease of works or services, like the one in the instant case, when the contractor reaches the "substantial completion" of the project, it is entitled to payment minus the cost of repair of the imperfections. Therefore, when the contractor substantially completes the project, it fulfills its obligation under the contract and has upon that moment the right to be paid. *Id.* at 628–629. The court also notes that the dates of substantial completion were stipulated by the parties. *See* Docket No. 266, pp. 4–5 (*Joint Stipulation of Facts*). Hence, PRHTA's objection in this regard is denied.

■■■ PRHTA also avers in its *Motion to Alter or Amend* that this court "committed a reversible error by not requesting certification to the Puerto Rico Supreme Court of any and all questions of state law for which it understood there was no state legal precedent or the existent jurisprudence could not serve as precedent per the state Supreme Court's rulings on the matter" (Docket No. 301, p. 23). PRHTA grounds its request on "the [alleged] uncertainty behind the applicable rule of law regarding pre-judgment interest" and "the recognized and real absence of state law precedent regarding the issues resolved by this Honorable Court" (Docket No. 301, pp. 23–24, ¶¶ 59 and 61). In the instant case, the parties did not request certification to the Supreme Court of Puerto Rico under Section 3.002(f) of the Judiciary Act of Puerto Rico of 2003, 4 L.P.R.A. § 24s(f), at any prior juncture in this lengthy litiga-

tion. In other words, no certification was sought before the Court of Appeals, before the District Court, or even before this court until the *Motion to Alter or Amend.* A request for inter-jurisdictional certification "is a voluntary procedure that rests in the federal court's sound discretion". 17A–124 *Moore's Federal Practice*—Civil § 124.22[7][c]. *Also see Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) (use of certification procedure rests in sound discretion of federal court); *Meredith v. Winter Haven,* 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9 (1943) (absent exceptional circumstances, federal courts whose jurisdiction is properly invoked are obligated to decide state law issues when necessary to render judgment); Verity Winship, *Certification of State–Law Questions by Bankruptcy Courts,* 87 Am. Bankr. L.J. 483 (Fall 2013). Furthermore, the standard of review for denial of certification is abuse of discretion. *See Díaz v. Jiten Hotel Mgmt., Inc.,* 671 F.3d 78, 84 (1st Cir.2012). Likewise, "it is important to note that the certification process is also discretionary from the state court's view point." 17A–124 *Moore's Federal Practice*—Civil § 124.22[7][c]. Such is the case in Puerto Rico. *See* Rule 25(a) of the Rules of the Supreme Court of Puerto Rico, 4 L.P.R.A. App. XXI–A R.25(a). Therefore, this court declines to consider PRHTA's belated request to certify the instant case to the Supreme Court of Puerto Rico.

▮ PRHTA also insists in its *Motion to Alter or Amend* that "Redondo waived any pre-judgment interests, thus none can be awarded" by this court (Docket No. 301, p. 24). As determined in the *Opinion and Order* (Docket No. 282, pp. 8–9), Redondo expressly requested pre-judgment interest under Article 1061 of the Civil Code of Puerto Rico in its *Reply to Motion to Amend or Alter Judgment or for New Trial Pursuant to Rule 9023 of Bankruptcy Procedure and Rule 59(A) and (E) of Civil Procedure* (Docket No. 140, p. 64, ¶ 242), and the First Circuit has held that pre-judgment interest can be sought in post-trial briefs or motions. *See In re Redondo,* 678 F.3d 115, 121–122 (1st Cir. 2012) (allowing pre-judgment arguments for the first time on post-trial motions reasoning that "elsewise parties would be required to put the cart before the horse and argue about pre-judgment interest before the underlying issues of liability and damages have been resolved"). Therefore, PRHTA's objection in that regard is hereby denied.

PRHTA also posits in its *Motion to Alter or Amend* that this court could not rely or cite case law from the intermediate Court of Appeals of Puerto Rico because it is non-binding, establishes no legal precedent and therefore "any decision based on those cases must be modified" (Docket No. 301, p. 18, ¶ 47). A careful review of the *Opinion and Order* (Docket No. 282) reveals that it is grounded on substantive law and well settled case law that has been upheld by the intermediate Court of Appeals of Puerto Rico. The fact that this court cited some opinions of the intermediate Court of Appeals of Puerto Rico is neither illegal nor invalid, especially when considering that Section 4.005(x) of the of the Judiciary Act of Puerto Rico of 2003, 4 L.P.R.A. § 24x, provides that "[t]he judgments and resolutions of the Court of Appeals shall be well grounded, and publishable, and may be cited for purposes of expostulation." Moreover, even considering *in arguendo* that state law is unsettled, federal courts must attempt to predict how the state's highest court would rule if confronted with the issue, and to do so, it may look at the relevant decisions of the state's intermediate courts. *See* 17A–124 *Moore's Federal Practice*–Civil § 124.22[3], citing *Commissioner v. Estate of Bosch,* 387 U.S.

**416**

456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Hence, PRHTA's request to that extent is hereby denied.

In the alternative, PRHTA proposes that if the court considers the case law from the intermediate Court of Appeals of Puerto Rico, then it must also consider the decision in *L.P.C. & D. Inc. v. PRHTA,* 2013 WL 1144470, 2013 PR App. LEXIS 329 (P.R. Ct. of Appeals 2013). The facts of that case, however, are inapposite to the ones of the instant case for PRHTA's proposition. *L.P.C. & D. Inc. v. PRHTA, supra,* ruled that Article 1061 of the Civil Code of Puerto Rico is not applicable to partial certifications or estimates. The case does not address substantial completion. *L.P.C. & D. Inc. v. PRHTA, supra,* is applicable only to the extent that, as ruled in the *Opinion and Order* (Docket No. 282), pre-judgment interest under Article 1061 is different from the interest afforded under Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure. 2013 WL 1144470 at \*3, 2013 PR App. LEXIS 329 at \*8. Hence, PRHTA's invitation to apply *L.P.C. & D. Inc. v. PRHTA, supra,* to the instant case is hereby declined.

### Conclusion

In view of the foregoing, PRHTA's *Motion to Alter or Amend* (Docket No. 301) is hereby denied.

SO ORDERED.