# United States Court of Appeals

## For the First Circuit

No. 15-1397

IN RE: REDONDO CONSTRUCTION CORPORATION,
Debtor

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY,

Plaintiff, Appellant,

v.

REDONDO CONSTRUCTION CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Francisco A. Besosa, U.S. District Judge]

Before
Torruella, Hawkins,* and Barron,
Circuit Judges.

Héctor Benítez-Arraiza, with whom Quiñones & Arbona, P.S.C.,
was on brief, for appellant.
Charles A. Cuprill-Hernández, with whom Law Offices
Charles A. Cuprill, P.S.C., was on brief, for appellee.

February 10, 2016

---

* Of the Ninth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**. This case returns to us following our remand in In re Redondo Construction Corp. (Redondo III), 678 F.3d 115 (1st Cir. 2012). The Puerto Rico Highway and Transportation Authority ("the Authority") appeals the district court's affirmance of the bankruptcy court's award of prejudgment interest to Redondo Construction Corporation ("Redondo") on its contract claims under Article 1061 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3025, accruing through the payment of principal. As explained below, we reject the Authority's contention that Redondo forfeited its claim to prejudgment interest under Article 1061 but agree with its argument that 28 U.S.C. § 1961 exclusively controls awards of postjudgment interest in federal court. We thus find that we must vacate and remand for a calculation of § 1961 interest and, to prevent double recovery, a recalculation of Article 1061 interest.

## I.

Because one of the main issues in this appeal is whether Redondo preserved its claim to Article 1061 interest, we focus on the parties' motion practice. We direct readers interested in the factual history of this case to the bankruptcy court's opinion in Redondo Construction Corp. v. Puerto Rico Highway & Transportation Authority (Redondo I), 411 B.R. 89 (Bankr. D.P.R. 2009).

-2-

In the 1990s, Redondo contracted with the Authority to work on three construction projects.[1] Each contract described the projects' design plans, the construction sites' anticipated conditions, and the procedures for implementing variances. In certain situations, Redondo could claim extra compensation for unforeseen additional work. These terms proved important because all three of the construction projects experienced unanticipated problems.

Redondo filed claims against the Authority on all three contracts seeking compensation for additional work performed. Before these claims were resolved, however, Redondo filed for Chapter 11 bankruptcy. Through the Chapter 11 proceedings, Redondo filed three complaints against the Authority for money owed under the construction contracts. In each of these complaints, Redondo stated it was entitled to not only damages, but also prejudgment interest accruing at a rate of 6.5% per annum. Following a bench trial, Redondo filed a memorandum reiterating its request for prejudgment interest at a rate of 6.5% per annum.[2]

---

[1] Redondo contracted to build a bridge and access road ("the Patillas project"), to replace a different bridge ("the Dorado-Toa Alta project"), and to improve a highway ("the Mayagüez project").

[2] Neither the complaints nor the post-trial memorandum clearly stated under which statute Redondo was claiming prejudgment interest. The complaint regarding the Mayagüez project stated Redondo was entitled to prejudgment interest because federal funds were used in the project. Redondo's post-trial memorandum, however, cited only Puerto Rico Rule of Civil Procedure 44.3 and

The bankruptcy court ruled in Redondo's favor. Id. at 89. In addition to awarding Redondo damages, the bankruptcy court, without stating its legal basis for doing so, found that Redondo was entitled to prejudgment interest accruing at 6.5% per annum.

The Authority subsequently filed a timely motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 9023. Among other claims, the Authority argued that the bankruptcy court erred in awarding Redondo prejudgment interest. Noting that prejudgment interest is typically a matter of state law, the Authority argued that it had not acted with temerity or obstinacy as required by Puerto Rico Rule of Civil Procedure 44.3(b) in order to impose prejudgment interest.[3]

---

argued that the Authority acted obstinately by delaying its payment.

[3] Rule 44.3(b) states:

> Except when the defendant is the Commonwealth of Puerto Rico, its municipalities, agencies, instrumentalities or officers acting in their official capacity, the court will also impose on the party that has acted rashly the payment of interest at the rate fixed by the Board by virtue of the previous subsection which is in effect at the moment the judgment is pronounced, from the time the cause of action arises in every case of collection of money and from the time the claim is filed in actions for damages until the date judgment is pronounced, to be computed on the amount of the judgment. The interest rate shall be stated in the judgment.

-4-

Redondo filed a response motion defending the bankruptcy court's prejudgment interest award, arguing (1) that the three construction projects "had federal funds participation allowing for the computation of the pre-judgment interest award[]" (presumably referring to 41 U.S.C. § 7109(a)(1), which allows parties to recover interest on the principal on contracts in which the federal government is a party) and (2) that Article 1061 allowed for "indemnity" interest under Puerto Rico law.

Although the bankruptcy court ruled in the Authority's favor on some claims, it left the prejudgment interest award intact. In re Redondo Constr. Corp. (Redondo II), 424 B.R. 29, 36 (Bankr. D.P.R. 2010). The bankruptcy court concluded that the parties contracted to incorporate the rate used for government-party contracts as set by 41 U.S.C. § 7109(a)(1).[4] Id. at 33.

Following the bankruptcy court's ruling, the Authority sought review first in the district court, and then in this Court. In Redondo III, we found that the record did not show that 41 U.S.C. § 7109(a)(1) applied either independently or by incorporation through contract. 678 F.3d at 125-26. We considered alternative bases under which the bankruptcy court could have awarded prejudgment interest (including Civil Rule 44.3 and

---

[4] The bankruptcy court cited 41 U.S.C. §§ 601-13, the provisions of the U.S. Code previously containing 41 U.S.C. § 7109(a)(1). See Act of January 4, 2011, Pub. L. No. 111-350, 124 Stat. 3677, 3816.

Article 1061), but concluded there was no support in the record that the bankruptcy court did so. Id. at 126. As a result, we instructed the district court to "vacate the award of prejudgment interest and return the case to the bankruptcy court for a determination of whether prejudgment interest [was] appropriate and, if so, at what rate and for what periods." Id.

On remand, Redondo argued it was entitled to prejudgment interest under Article 1061. The bankruptcy court agreed and awarded Redondo Article 1061 interest accruing at a rate of 6% per annum from the date of substantial completion for each construction project, through the date of the Authority's final payment on the principal. In re Redondo Constr. Corp. (Redondo IV), 505 B.R. 388, 401 (Bankr. D.P.R. 2014).

Following the bankruptcy court's decision, the Authority moved to amend the judgment, arguing that Redondo forfeited its Article 1061 claim and that the bankruptcy court used incorrect start and end dates for the accrual period. After the bankruptcy court denied the Authority's motion, In re Redondo Constr. Corp. (Redondo V), 515 B.R. 410, 416 (Bankr. D.P.R. 2014), the Authority appealed to the district court. The district court affirmed the bankruptcy court's decision in its entirety. In re Redondo Constr. Corp. (Redondo VI), 523 B.R. 339, 346 (D.P.R. 2014). This timely appeal followed.

"When state-law claims (such as the contract claims at issue here) are adjudicated by a federal court, prejudgment interest is normally a matter of state law." Redondo III, 678 F.3d at 125. Article 1061 of the Puerto Rico Civil Code provides parties to a breach of contract with a right to interest as an indemnity for default. Rivera v. Crescioni, 77 D.P.R. 47, 77 P.R.R. 43, 50 (1954). It states in full that

> [s]hould the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest.
>
> Until another rate is fixed by the Government, interest at the rate of six percent (6%) per annum shall be considered as legal.

31 L.P.R.A. § 3025.

In its appeal, the Authority renews its arguments regarding the bankruptcy court's award under Article 1061: that Redondo forfeited its claim, and that even if such an award was warranted, the bankruptcy court used incorrect start and end dates for accrual. "On appeal from a district court decision reviewing a bankruptcy court order, we review the bankruptcy court order directly, disturbing its factual findings only if clearly erroneous, while according de novo review to its conclusions of law." In re Furlong, 660 F.3d 81, 86 (1st Cir. 2011) (quoting

-7-

<u>Spenlinhauer</u> v. <u>O'Donnell</u>, 261 F.3d 113, 117 (1st Cir. 2001)).
All of the Authority's arguments concern questions of law so our review will be <u>de novo</u>. We turn first to the Authority's forfeiture arguments.

### III.

The Authority proffers two main arguments for finding that Redondo forfeited its claim to Article 1061 interest. First, the Authority argues that Redondo raised its claim through the wrong procedural vehicle. Second, the Authority argues that even if Redondo's claim was procedurally proper, Redondo failed to adequately develop its claim. Although we agree with the Authority that Article 1061 interest is discretionary (and therefore forfeitable),[5] neither of these claims has merit.

---

[5] Redondo argues that we need not address the Authority's forfeiture arguments because Article 1061 interest automatically attaches upon judgment and as such, cannot be waived or forfeited. All of the cases Redondo cites in support of its claim concern Rule 44.3. <u>See</u> <u>Municipio de Mayagüez</u> v. <u>Rivera</u>, 113 D.P.R. 467, 13 P.R. Offic. Trans. 597, 602 (1982) ("[A]ccording to [Rule 44.3(a)'s] provisions, the court must, upon rendering a money judgment, impose the payment of legal interest on the amount of judgment, without exception."); <u>Fuentes</u> v. <u>Hull Dobbs Co. of P.R.</u>, 88 D.P.R. 562, 88 P.R.R. 544, 553 (1963) (awarding prejudgment interest on appeal after concluding "that appellee's action in defending itself in this case was manifestly obstinate" even though it "ha[d] not been claimed in the complaint"). The Puerto Rico Supreme Court has unambiguously stated that Rule 44.3 and Article 1061 are different in kind:

> In [the case of Rule 44.3], interest should be considered automatically part of the judgment, by express provision of law. However, [Article 1061] interest is not in the same category. It is not an integral part or inherently inseverable from the

-8-

The bankruptcy court found Redondo's Article 1061 claim preserved by its response motion in <u>Redondo II</u>. The Authority now argues that a Rule 59 response motion is not the proper vehicle through which a party may claim prejudgment interest.[6] Rule 59

principal obligation, but is considered as an independent indemnity for damages, by way of penalty, for default in payment.

<u>Rivera</u>, 77 P.R.R. at 51. Based on this view, the Puerto Rico Supreme Court found that Article 1061 interest "may be waived by the creditor by not appealing to this Court from the failure of the lower court to order its payment." <u>Id.</u> at 51-52. We thus conclude an Article 1061 claim can be forfeited if not raised at the appropriate stage.

[6] The Authority makes much of our statement in <u>Redondo III</u> that Article 1061 "was [not] cited to the bankruptcy court." 678 F.3d at 126. The Authority argues that we definitively decided that Redondo did not raise Article 1061 until appeal and, under the law of the case doctrine and mandate rule, the bankruptcy court could not look at Redondo's pre-remand motions for discussion of Article 1061. But forfeiture was not a legal issue in <u>Redondo III</u>: all we decided in <u>Redondo III</u> was that Article 1061 could not have been the basis of the bankruptcy court's award in <u>Redondo II</u>. <u>Id.</u> We do not believe our cursory statement about whether Article 1061 was discussed in the bankruptcy court proceedings was a legal decision that bound the bankruptcy court on remand. <u>See</u> <u>Naser Jewelers, Inc.</u> v. <u>City of Concord</u>, 538 F.3d 17, 20 (1st Cir. 2008) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quoting <u>Arizona</u> v. <u>California</u>, 460 U.S. 605, 618 (1983))).

The Authority also views Redondo's focus on 41 U.S.C. § 7109(a)(1) in previous litigation as inconsistent with its Article 1061 claim on remand and therefore barred by judicial estoppel. Judicial estoppel requires us to find (1) "the estopping position and the estopped position [are] directly inconsistent, that is, mutually exclusive" and (2) "the responsible party . . . succeeded in persuading a court to accept its prior position." <u>Alt. Sys. Concepts, Inc.</u> v. <u>Synopsys, Inc.</u>, 374 F.3d 23, 33 (1st Cir. 2004). We neither think Redondo's claims are inconsistent,

motions are typically the proper way for a prevailing party to raise prejudgment interest arguments.  See Oserneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989) (holding that a motion for discretionary prejudgment interest "constitute[d] a motion to alter or amend the judgment under Rule 59(e)"); Redondo III, 678 F.3d at 122 ("While arguments presented for the first time in a Rule 59(e) motion ordinarily are deemed forfeited, the grant or denial of prejudgment interest is an exception to this general rule." (citation omitted)).  Redondo, however, developed its prejudgment interest arguments in its response to the Authority's Rule 59 motion.  Of course, that is understandable as the bankruptcy court gave Redondo the exact prejudgment interest relief it requested in its complaints and post-trial memorandum.

We conclude that Redondo preserved its claim by stating in its response motion that Article 1061 could support an award of prejudgment interest as an alternative to 41 U.S.C. § 7109(a)(1). Ruling in the Authority's favor would create a rule requiring prevailing parties to file a Rule 59 motion to amend a favorable judgment in order to preserve their ability to defend their judgment on alternative grounds or assert alternative claims.  Such a rule goes against a commonsense understanding of the word amend -- Redondo, understandably, would not want the bankruptcy court to

---

nor do we think our decision in Redondo III adopted the view that Redondo pursued interest exclusively under 41 U.S.C. § 7109(a)(1).

amend the favorable judgment. Even if it seemed highly probable that the Authority would challenge the unexplained award of prejudgment interest, Redondo was under no obligation to shore up the bankruptcy court's reasoning until the Authority moved. See Field v. Mans, 157 F.3d 35, 41-42 (1st Cir. 1998) (refusing to view unchallenged holding by trial court that was unfavorable to prevailing party as law of case on remand because "[i]t would be extremely unrealistic to expect [the prevailing party's] attorney to buttress his client's case by putting forward an alternate theory in support of the lower court's judgment. . . . We are loath to find that [the prevailing party] waived the [issue] merely by failing to file either a procedurally dubious cross-appeal . . . or to brief and argue what, to any attorney, might have seemed an entirely redundant point" (citations omitted)); cf. Bath Iron Works Corp. v. Coulombe, 888 F.2d 179, 179-80 (1st Cir. 1989) (per curiam) (holding party could not appeal favorable judgment). We are reluctant to find forfeiture based on Redondo's failure to file a "procedurally dubious" Rule 59 motion. Field, 157 F.3d at 41.

Additionally, adopting the Authority's position would disadvantage parties who raise a kernel of a prejudgment interest claim prior to judgment vis-à-vis those who wait to file a Rule 59 motion. Our rule permitting prejudgment interest claims in Rule 59 motions is based, in part, on our belief that parties should

not be "required to put the cart before the horse and argue about prejudgment interest before the underlying issues of liability and damages have been resolved." Redondo III, 678 F.3d at 122. We thus find it excusable that Redondo did not develop every conceivable prejudgment interest claim in its complaint and post-trial memorandum, when the issue of any recovery was still open and commanded its full attention. Redondo should not be held to its merits stage theory when a party who did not apprise the court at all would be allowed to litigate the issue fully in a Rule 59 motion. Finding Redondo's Article 1061 claim procedurally sound, we turn to the Authority's argument that Redondo's response motion did not adequately develop its claim.

It is true that "issues adverted to in a perfunctory manner, unaccompanied by argumentation are waived." Global NAPS, Inc. v. Verizon New England, Inc., 706 F.3d 8, 16 (1st Cir. 2013) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). But Redondo's response motion did not mention Article 1061 in a perfunctory manner. In response to the Authority's characterization of Rule 44.3 as the only basis for prejudgment interest under Puerto Rico law, Redondo argued the Authority incorrectly "concentrate[d] itself on Rule 44.3 . . . and ignore[d] the provisions of the Civil Code of Puerto Rico as to interest relative indemnity [sic] for nonpayment of money" and quoted Article 1061. We find these statements made it sufficiently clear

-12-

that Redondo was proposing Article 1061 as an alternative basis for awarding prejudgment interest and therefore reject the Authority's contention that Redondo forfeited its claim to Article 1061 interest.[7]

**IV.**

We now address the Authority's contention that the bankruptcy court calculated prejudgment interest based on an incorrect time interval. We find no error with the bankruptcy court's start date based on Puerto Rican law. However, because federal law exclusively controls the award of postjudgment interest, we conclude that the bankruptcy court should not have extended the prejudgment interest accrual period past the entry of judgment. As a result, we vacate and remand the bankruptcy court's decision for further proceedings consistent with this opinion.

**A. Start of Article 1061 Interest Accrual**

Article 1061 does not provide for a specific accrual period. It simply states that creditors have a right of indemnity when "the obligation consist[s] in the payment of a sum of money,

---

[7] Based on its view that Redondo raised Article 1061 for the first time at oral argument, the Authority also argues that Redondo's claim is barred by a fifteen-year statute of limitations. See 31 L.P.R.A. § 5294. We reject this argument by finding that Redondo developed its claim to Article 1061 interest in its response motion filed in Redondo II. We make no comment on whether § 5294 delineates the appropriate statute of limitations for Article 1061 or whether the statute of limitations would have run during the litigation.

-13-

and the debtor [is] in default." 31 L.P.R.A. § 3025. The parties agree that under these terms, Article 1061 interest begins accruing when a party defaults. They disagree, however, about when default occurred in this case.

Looking to other provisions of the Puerto Rico Civil Code, Article 1053 defines when parties default under contract law. Normally, a party is in default "from the moment when the creditor demands the fulfilment [sic] of [its] obligation, judicially or extrajudicially." 31 L.P.R.A. § 3017. Pursuant to this provision, the Authority argues that the bankruptcy court should have started calculating the accrual of prejudgment interest from the date Redondo filed its complaints demanding additional compensation.

Article 1053, however, first provides two exceptions to this rule: (1) as otherwise provided by law and (2) "[i]f by reason of its nature and circumstances it may appear that the fixing of the period within which the thing was to be delivered or the service rendered was a determinate cause to constitute the obligation." Id. § 3017(1), (2). Further, Article 1053 provides that default for contracts of mutual obligation commences when "one of the persons obligated fulfills his obligation the default begins for the other party." Id. § 3017.

The Puerto Rico Supreme Court has held that construction contracts, such as the ones between Redondo and the Authority, are

-14-

contracts of mutual obligation. Constructora Bauzá, Inc. v. García López, 129 D.P.R. 579, 1991 P.R.-Eng. 735, 859 (1991). Thus, Article 1053's general rule that a party is in default only upon the demand of the creditor does not apply. 31 L.P.R.A. § 3017. Rather, Article 1053's terms for contracts of mutual obligations control and the Authority was in default from the time Redondo fulfilled its obligations -- in other words, from the dates the construction projects were substantially completed. Id. These were the start dates used by the bankruptcy court and thus we find no error.[8]

## B. End of Article 1061 Interest Accrual

We must, however, vacate and remand the bankruptcy court's calculation of prejudgment interest to the extent it includes accrual past the entry of judgment. Although prejudgment interest is usually governed by state law when the underlying claims are based on state law, postjudgment interest is governed exclusively by federal law under 28 U.S.C. § 1961. Vázquez-Filippetti v. Cooperativa de Seguros Múltiples de P.R., 723 F.3d 24, 28 (1st Cir. 2013) ("[T]he plaintiffs tell us that the laws of Puerto Rico require [the defendant] to pay postjudgment interest.

---

[8] The parties stipulated that the dates of substantial completion were: November 1, 1993 for the Mayagüez project; March 18, 1994 for the Patillas project; and September 5, 1995 for the Dorado-Toa Alta project. These dates were adopted by the bankruptcy court. Redondo IV, 505 B.R. at 399.

Yet it is well established that federal law governs the entitlement to postjudgment interest in any federal civil suit, including a diversity suit such as the instant action."). And under federal law, "[p]ostjudgment interest is mandatory and the prevailing party is entitled to it even if the district court made no provision for its payment." In re Redondo Const. Corp., 700 F.3d 39, 42 (1st Cir. 2012).[9]

The bankruptcy court's order in Redondo IV clearly accrues Article 1061 interest past the entry of judgment, thus overlapping with § 1961's postjudgment interest period. 505 B.R. at 401. Because § 1961 interest is exclusive and mandatory, we must remand Redondo's case to the bankruptcy court for a calculation of postjudgment interest in accordance with § 1961's terms.

Redondo argues that it is entitled to interest under both statutes, but "a plaintiff is entitled to only one full recovery, no matter how many different legal grounds may support the verdict." Freeman v. Package Mach. Co., 865 F.2d 1331, 1345 (1st Cir. 1988). Redondo's full recovery entitles it to prejudgment interest under Article 1061 and postjudgment interest under § 1961 only. Allowing the Article 1061 interest accrual

---

[9] This case is not part of the present litigation -- although it involves the same parties, we reviewed different contracts, claims, and proceedings.

period to extend into the period already covered by § 1961 would result in Redondo receiving more than its full recovery.

We also reject the bankruptcy and district courts' reasoning in allowing recovery under both statutes. When challenged by the Authority in a motion to amend, the bankruptcy court explained in Redondo V that it believed that Redondo could recover under both Article 1061 and § 1961 because Article 1061 interest is "an independent indemnity for damages, by way of penalty, for default in payment." Redondo V, 515 B.R. at 414 (quoting Rivera v. Crescioni, 77 D.P.R. 47, 55-56 (1954)). The district court echoed this reasoning in its affirmance. Redondo VI, 523 B.R. at 345. We, however, find little support for the bankruptcy and district courts' view that Article 1061 acts as a separate "penalty" rather than compensation for delay based on the time value of money,[10] and Redondo never develops its claim beyond a bare assertion. Finding no authority to the contrary, we must direct that the Article 1061 interest award be recalculated to take into account an award of postjudgment interest consistent with § 1961's terms.

---

[10] The bankruptcy court's reasoning also appears to be based in part on its view that Article 1061 interest is an inseparable part of the judgment. See Redondo V, 515 B.R. at 414 ("Moreover, pre-judgment interest under Article 1061 may be awarded even when they have not been claimed in the complaint. Hence, Article 1061 applies until the obligation is no longer in default." (citation omitted)). We rejected this argument above in footnote 5 of this opinion.

**V.**

Although we find that Redondo is entitled to Article 1061 interest, we must vacate the district court's judgment to allow for an award of postjudgment interest consistent with 28 U.S.C. § 1961 and a reduction of the Article 1061 interest award to the extent their accrual periods overlap.  The parties are to bear their own costs.

**Vacated and Remanded**.